UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
----------------------------x
                            :
LOUIS W. BERNDSTON, JR.,    :
                            :
        Plaintiff,          :
                            :
v.                          :    Case No. 3:15-CV-1879 (AWT)
                            :
UNITED STATES OF AMERICA,   :
                            :
        Defendant.          :
                            :
----------------------------x
```

## RULING ON MOTION TO DISMISS

Plaintiff Louis W. Berndston, Jr. ("Berndston"), who commenced this action proceeding pro se, brings claims against the defendant for injuries sustained during and after a surgery to implant a pacemaker, performed at the Department of Veterans Affairs Medical Center ("VA") in West Haven, Connecticut, and for injuries resulting from the administration of morphine to the plaintiff following the surgery.  The defendant has moved to dismiss the Complaint.  For the reasons set forth below, the motion to dismiss is being granted in part.


I.   **FACTUAL BACKGROUND**

"The complaint, which [the court] must accept as true for purposes of testing its sufficiency, alleges the following circumstances."  Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir. 1997).  On May 14, 2013, during the course of a surgery to

implant a pacemaker device at the VA in West Haven, Connecticut, the plaintiff suffered a perforation in his heart.  <u>See</u> Compl. Attach. 1 at 3 (Doc. No. 1-1).  The surgical team drained the effusion and hoped the perforation would close on its own. After the surgery, however, the perforation continued to bleed, and the plaintiff required open-heart surgery to repair the tear.  Upon discharge from the VA, the plaintiff attended several follow-up appointments and underwent several echocardiograms, at which point his doctors determined he would need a second open-heart surgery to repair additional damage resulting from the perforation.  During the second open-heart surgery, the plaintiff's doctors also created a pericardial window, which is a permanent hole in the pericardium to allow for future drainage.

While in recovery at the VA from the initial pacemaker implantation surgery, the plaintiff was administered morphine via injection to relieve his pain, despite the fact that the medical record noted he had a known allergy or adverse reaction to that medication.  After the morphine injection, the plaintiff suffered vivid hallucinations lasting about one week.  Also, the plaintiff's breathing stopped, and he had to be intubated.

## II.  **LEGAL STANDARD**

The defendant moves to dismiss this case for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).  In assessing a Rule 12(b)(5) motion, a court must look to Rule 4, which governs the content, issuance, and service of a summons. Under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Id.  "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010) (alteration in original) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)).

When interpreting the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996).  Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

-3-

III. **DISCUSSION**

The plaintiff, although now represented by counsel, filed his complaint pro se on December 29, 2015, under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). "[T]he FTCA directs courts to consult state law to determine whether the government is liable for the torts of its employees." Liranzo v. United States, 690 F.3d 78, 86 (2d Cir. 2012) (citing FDIC v. Meyer, 510 U.S. 471, 478 (1994) ("[The] law of the State [is] the source of substantive liability under the FTCA." (alterations in original))).

Under Connecticut law, prior to filing a claim for medical malpractice, a plaintiff must first conduct a "reasonable inquiry . . . to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." Conn. Gen. Stat. Ann. § 52-190a(a). Furthermore,

> [t]he complaint, initial pleading or apportionment complaint shall contain a certificate of the attorney or party filing the action or apportionment complaint that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant or for an apportionment complaint against each named apportionment defendant.

Conn. Gen. Stat. § 52-190a(a). "The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for dismissal of the action." Conn. Gen. Stat. § 52-190a(c). Pursuant to Rule 4(m), a federal court may

-4-

dismiss a case without prejudice for failure to file a good
faith certificate within 90 days of the filing of the complaint.
See Slocum v. U.S. Dep't of Veterans Affairs, No. 3:13-CV-501,
2014 WL 4161985, at *3 (D. Conn. Aug. 19, 2014) ("Here, Slocum
timely filed a FTCA claim, but the good faith certificate was
not filed with the complaint or served on the defendant within
120 days of the complaint's filing.  Therefore, I could have
dismissed the complaint without prejudice pursuant to Rule
4(m).")  Since Slocum, the Federal Rules have been amended inter
alia to shorten the time to serve a defendant from 120 days to
90 days.  See Fed. R. Civ. P. 4(m).  Accordingly, the Slocum
analysis still applies, but the time in which a plaintiff must
file and serve on the defendant the good faith certificate is
shortened to 90 days.

The court applies Connecticut substantive tort law and
federal procedural law to FTCA claims.  '"The Second Circuit has
not yet determined whether the requirement of a certificate of
good faith in a medical malpractice action is a substantive or
procedural requirement,"' but "this Court repeatedly has
dismissed medical malpractice claims brought under Connecticut
state law for failure to comply with Conn. Gen. Stat. § 52-
190a."  Gallinari v. Kloth, 148 F. Supp. 3d 202, 207 n.1 (D.
Conn. 2015) (quoting Cornelius v. ECHN Rockville Gen. Hosp., No.
3:14-cv-00779 (JAM), 2014 WL 2986688, at *3 (D. Conn. July 1,

2014) (quoting <u>Cole v. Greene</u>, No. 3:11-cv-00543 (SRU), 2013 WL 1759571, at *1 (D. Conn. Apr. 24, 2013)))).

The defendant argues that because the plaintiff did not file a good faith certificate, this action should be dismissed pursuant to Rule 12(b)(5) for insufficient service.  The plaintiff concedes that he never filed a good faith certificate, but argues that his claims should be read as claims for lack of informed consent, which sound in ordinary negligence, not medical malpractice, and thus were not subject to Conn. Gen. Stat. § 52-190a.

The plaintiff filed his complaint pro se and throughout labels his claims as medical malpractice.  <u>See, e.g.</u>, Compl. at 2 ("This is a Medical Malpractice case [sic]."); Compl. Attach. 1 at 2 (" . . . Medical Malpractice has occurred in this sequence of events [sic]").  Nevertheless, "the interpretation of pleadings is always a question of law for the court." <u>Boone v. William W. Backus Hospital</u>, 272 Conn. 551, 559 (2005).  Also, "[t]he classification of a negligence claim as either medical malpractice or ordinary negligence requires a court to review closely the circumstances under which the alleged negligence occurred."  <u>Id.</u> at 562.  "[I]n evaluating the pleading, the court 'is not bound by the label affixed to that pleading by the party.'"  <u>Freeman v. United States</u>, 166 F. Supp. 3d 215, 220 (D. Conn. 2015) (quoting <u>Simoneau v. Stryker Corp.</u>, No. 3:13-cv-1200

(JCH), 2014 WL 1289419, at *3 (D. Conn. Mar. 31, 2014); <u>Votre v.</u>
<u>Cnty. Obstetrics & Gynecology Grp., P.C.</u>, 113 Conn. App. 569,
576 (2009)).

> "[T]he relevant considerations in determining whether a
> claim sounds in medical malpractice are whether (1) the
> defendants are sued in their capacities as medical
> professionals, (2) the alleged negligence is of a
> specialized medical nature that arises out of the
> medical professional-patient relationship, and (3) the
> alleged negligence is substantially related to medical
> diagnosis or treatment and involved the exercise of
> medical judgment."

<u>Gold v. Greenwich Hosp. Ass'n.</u>, 262 Conn. 248, 254 (2002)
(quoting (<u>Trimel v. Lawrence & Mem'l Hosp. Rehab. Ctr.</u>, 61 Conn.
App. 353, 357-58 <u>appeal dismissed</u>, 258 Conn. 711 (2001)).

Because the plaintiff filed his complaint pro se, the court
interprets the complaint to "raise the strongest arguments [it]
suggest[s]." <u>Burgos</u>, 14 F.3d at 790; <u>see also</u> <u>Buthy v. Comm'r</u>
<u>Office of Mental Health of N.Y. State</u>, 818 F.2d 1046, 1051 (2d
Cir. 1987) (liberally construing the plaintiff's pro se
complaint even after the plaintiff had retained counsel by the
summary judgment stage). Counsel for the plaintiff now urges
the court to construe the plaintiff's claims as being for lack
of informed consent, and thus sounding in ordinary negligence,
rather than for medical malpractice. <u>See</u> Pl. Mem. Opp'n Mot.
Dismiss at 5 (Doc. No. 44). "In order to prevail on a cause of
action for lack of informed consent, a plaintiff must prove both
that there was a failure to disclose a known material risk of a

-7-

proposed procedure and that such failure was a proximate cause of his injury." Shortell v. Cavanagh, 300 Conn. 383, 388 (2011).

If the court were to agree that the claims sound in ordinary negligence, this interpretation would be the strongest argument the complaint suggests, as the alternative would require dismissal of the complaint pursuant to Conn. Gen. Stat. § 52-190a. Accordingly, the court has reviewed the plaintiff's pro se complaint to determine whether, when construed liberally, it raises a claim for lack of informed consent. The court does not find a claim for lack of informed consent in either count, but does find a claim for battery in Count II. Because a claim for battery does not sound medical malpractice, it is the strongest argument the complaint suggests.

## A.    Count I: Complications Re Pacemaker Implantation

The complaint alleges that on May 14, 2013, the plaintiff arrived at the VA in West Haven, Connecticut for "routine pacemaker implantation surgery," during which:

> "Surgeon Dr[.] Paras S[.] Bhatt or a member of his team tore a hole in [the plaintiff's] heart while installing the Pacemaker leads. . . .

> The injury also necessitated two open heart surgeries: the first to assess and repair the damage caused by the Pacemaker installation surgery, the second (months later) to clear a resultant tamponade[,] which was threatening [the plaintiff's] life.

-8-

> The second surgery, to clear the tamponade, also
> resulted in the creation of a permanent 'pericardial
> window' for draining any future effusion."

Compl. Attach 1 at 2.  Although the complaint gives significant

detail regarding the events occurring during and after the

surgery, along with excerpts from his medical records for

support, nowhere does the plaintiff suggest that had he known of

these risks, he would have opted not to have the surgery.  In

fact, nowhere does he indicate whether he was informed of the

risks, or whether these complications were given as potential

risks.  Nor does he allege that a reasonable patient would want

to be informed of these risks prior to agreeing to the surgery.

The court finds nothing in the plaintiff's pro se complaint,

even when construed liberally, that suggests a lack of informed

consent.  In fact, the plaintiff meticulously lays out how his

claim meets each element of "medical negligence," yet nowhere

mentions consent, informed or otherwise.

On the other hand, the plaintiff's complaint satisfies the

three requirements for a claim to sound in medical malpractice,

as set forth in Gold, 262 Conn. at 254.  First, the defendant is

sued in its capacity as a provider of medical care through the

VA.  Second, the negligence alleged, i.e., injury caused during

a pacemaker implantation surgery, is of a specialized medical

nature that arises out of the medical professional-patient

relationship.  Third, acts performed during surgery are substantially related to medical treatment and involve the exercise of medical judgment.  Because the plaintiff never filed nor served upon the defendant a good faith certificate, this claim should be dismissed for insufficient service pursuant to Fed. R. Civ. P. 12(b)(5).

**B.    Count II: Complications Re Morphine Administration**

The complaint alleges that at some point during his stay at the VA, the plaintiff was administered morphine, despite having a known history of adverse reactions to the drug, specifically, hallucinations.  The complaint alleges that the plaintiff's prior adverse reactions were described clearly in his medical record, and morphine was listed under "Allergies/Adverse Reactions," but the plaintiff still received morphine and was harmed as a result.  The complaint details the plaintiff's previous experience of having been administered morphine, and the hallucinations he experienced as a result, so the only reasonable inference is that the plaintiff would not have consented to the administration of morphine on this occasion, had consent been sought.

Thus, far from suggesting that the plaintiff wants to assert a claim based on lack of informed consent because the plaintiff was not properly warned of the risks of morphine, the

complaint reflects that the plaintiff was well aware of the risks, because he had previously experienced the adverse effects of morphine.  As opposed to claiming that had he been properly informed the plaintiff would not have consented to the administration of morphine, the plaintiff's complaint makes clear that he was well aware of the potential risk of hallucinations associated with morphine.  Consequently, there is no basis for construing the complaint as claiming that any of the alleged harm to the plaintiff was caused by a lack of informed consent.

However, the complaint can be construed as asserting a claim for battery.[1]  "[M]edical professionals who engage in or threaten physical contact that has not been consented to, even when that contact is for purposes of medical diagnosis and treatment, may be liable for . . . battery under Connecticut law."  Telkamp v. Vitas Healthcare Corp. Atlantic, 2016 WL 777906, No. 3:15-CV-726 (JCH) (D. Conn. Feb. 29, 2016).  "The

---

[1]Although 28 U.S.C. § 2680(h) specifically excludes claims for intentional torts, including battery, from the sovereign immunity waiver effected by the FTCA, "§ 2680(h) does not bar application of the FTCA to tort claims arising out of the conduct of VA medical personnel within the scope of" what is now designated as 38 U.S.C. § 7316.  .  Franklin v. United States, 992 F.2d 1492, 1499-1502 (10th Cir. 1993).  The Supreme Court has not addressed this statutory scheme specifically, but it acknowledged the Tenth Circuit's analysis of "§ 7316(f), concerning Department of Veterans Affairs' medical personnel, [which] includes an 'essentially identical counterpart' to § 1089(e), [concerning military doctors,] which similarly 'nullif[ies] § 2680(h) and thereby expand[s] the injured party's remedy against the government under the FTCA.'"  Levin v. United States, 133 S. Ct. 1224, 1231 (2013) (third and fourth alteration in original) (quoting Franklin, 992 F.2d at 1501).

theory of battery as a basis for recovery has generally been limited to situations where he fails to obtain any consent to the particular treatment or performs a different procedure from the one for which consent has been given . . . ." <u>Logan v. Greenwich Hosp. Ass'n</u>, 191 Conn. 282, 289 (1983).

Here, the plaintiff's pro se complaint alleges that the plaintiff knew the risks morphine posed to him, and he notified the hospital of his previous adverse reactions to morphine, which communicated he did not consent to the administration of morphine.  The complaint further alleges that the hospital administered morphine to the plaintiff via injection despite his lack of consent.  Because a claim for battery does not sound in medical malpractice, it need not be served with a certificate of good faith nor a medical opinion as contemplated by Conn. Gen. Stat. § 52-190a, and thus should not be dismissed for insufficient service under Fed. R. Civ. P. 12(b)(5).

**IV.  <u>CONCLUSION</u>**

For the reasons set forth above, the defendant's Motion to Dismiss (Doc. No. 39) is hereby GRANTED in part and DENIED in part.  Any claims for medical malpractice or lack of informed consent are dismissed.  A claim for battery remains.

It is so ordered.

Signed this 1st day of March, 2017, at Hartford, Connecticut.


                    ____/s/ AWT_____
                    Alvin W. Thompson
                    United States District Judge